IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM SAMPSON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 20-cv-510-DWD |
| ) | |
| E. WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Kareem Sampson is an inmate in the Bureau of Prisons currently incarcerated at FCI-Greenville. Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e) in the Eastern District of Pennsylvania, Case No. 11-cr-00334 (Doc. 1, Doc. 14-1). He is serving a 180-month sentence imposed in January 2016 (Doc. 14-1; Doc. 14-5). Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner invokes *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his collateral attack and request for immediate release. Respondent answered the Petition (Doc. 14; Doc. 15). For the reasons detailed below, the Petition will be denied.

Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court

is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner may only challenge his federal conviction or sentence under 28 U.S.C. § 2241 in very limited circumstances, such as the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a federal prisoner to file a 28 U.S.C. § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). Therefore, before relief under § 2241 becomes available, Petitioner must demonstrate the inability of a 28 U.S.C. § 2255 motion to cure the alleged defect in their conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the saving clause is satisfied). Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the saving clause:

> 1. The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

      2.      The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

      3.      A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) and *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

    Petitioner asserts a claim based on the 2019 *Rehaif* opinion, in which the Supreme Court held, as a matter of statutory interpretation, that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 204 L. Ed. 2d 594; *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction, including the Third Circuit where Petitioner was convicted. *See, e.g.*, *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012) (holding that in a § 922(g) prosecution the Government was not required to prove that the defendant knew of his prohibiting status).

Petitioner claims that the Government failed to prove that he knew he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm, at the time he possessed a firearm (Doc. 1). Petitioner argues generally that he is entitled to relief because his charging indictment did not specify a "status" element, and thus he could not have pled guilty to that element (Doc. 1, p. 10). He further argues that this element was not specifically mentioned in his plea colloquy (Doc. 1, p. 11).

Respondent concedes that Petitioner's *Rehaif* claim satisfies the first and second prongs of the Seventh Circuit's "saving clause" test – *Rehaif is* a statutory interpretation case, and it sets forth a new substantive rule narrowing the scope of Section 922(g), which applies retroactively (Doc. 14, pp. 9-10, 20-21). Further, this new substantive rule was previously unavailable to Petitioner because it would have been futile to raise his claim in his first Section 2255 motion[1] under binding pre-*Rehaif* precedent (*Id.*). However, Respondent asserts that Petitioner cannot meet the third *Davenport* factor – a showing that an error in his conviction amounts to a miscarriage of justice – because he was not convicted of a crime for which he was innocent (Doc. 14, pp. 18-22).[2] On this issue, the Court agrees.

---

[1] Prior to the instant § 2241 Petition, Petitioner challenged his sentence on a direct appeal (Doc. 1, p. 2) (citing *United States v. Sampson*, 684 F. App'x 177 (3d Cir. 2017)). Petitioner also filed a motion pursuant to 28 U.S.C. § 2255 which was denied on April 3, 2019 (Doc. 1, p. 4). Petitioner sought permission from the Third Circuit Court of Appeals to file a second or successive Section 2255 motion, which was denied on March 25, 2020 (Doc. 1, p. 4).

[2] Respondent also raises the argument, in order to preserve it, that an inmate who previously challenged his conviction under 28 U.S.C. § 2255 is barred from using the "saving clause" to raise a later challenge under Section 2241. (Doc. 14, p. 18). The Court finds it unnecessary to address the merits of this argument because, as Respondent acknowledges, it is contrary to controlling Seventh Circuit precedent (*Id.*).

It is true that Petitioner's indictment did not allege that he knew he was a convicted felon at the time he possessed the firearm (Doc. 14-2), nor was knowledge of his status indicated to be an element of his offense at his plea hearing (Doc. 14-4, p. 28). This was consistent with pre-*Rehaif* controlling precedent. Cases following the *Rehaif* decision make clear, however, that this Court can and should consider certain other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif*. *See, e.g.*, *United States v. Maez*, 960 F.3d 949 (7th Cir. 2020); *Williams*, 946 F.3d at 973–74; *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020); *United States v. Pulliam*, 973 F.3d 775 (7th Cir. 2020); *Thigpen v. Williams*, No. 21-2438, 2021 WL 6801271, at *1 (7th Cir. Nov. 8, 2021). Post-*Rehaif*, the Government does not have "to prove that the defendant knew he was prohibited from possessing a firearm. Knowledge of the relevant status is enough." *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022) (citing *Maez*, 960 F.3d 949); *United States v. Cook*, 970 F.3d 866, 880 (7th Cir. 2020).

Petitioner's claims that he did not know he was a "prohibited person" are simply not plausible considering the admissions he made during his plea colloquy and the multiple terms of imprisonment he served which were longer than one year. *See Williams*, 946 F.3d 968 (Finding that defendant "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year" where he spent twelve years of his life in prison). As detailed in the record, Petitioner has previously been convicted of at least six crimes punishable by a term of imprisonment exceeding one year at the time he possessed the firearm in question in this matter (Doc. 15-1, ¶¶ 33-38). Further, the sentences imposed in five of those convictions exceeded one-year terms of

5

imprisonment (*Id.*). Four of these convictions were for possessing with intent to deliver cocaine, which the Third Circuit Court of Appeals found subjected him to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Sampson*, 684 F. App'x at 181 (dismissing Petitioner's direct appeal and affirming his judgment of conviction and sentence). One of these convictions was also a state offense for illegally possessing a firearm (Doc. 15-1, ¶ 37).

In his Plea Agreement (Doc. 14-3), Petitioner also admitted that he qualifies as an armed career criminal based on his prior convictions (Doc. 14-3, ¶ 10a). His prior convictions were detailed to at Petitioner's change of plea hearing on July 11, 2014, and Petitioner agreed that he was not contesting his prior convictions (Doc. 14-4, pp. 31-33). The following exchange took place at his change of plea hearing:

> [GOVERNMENT]: On June 10th, 2002, September 17th, 2002, June 12th, 2006, and August 10th, 2006, the defendant was convicted of crimes calling for more than one year imprisonment.
>
> THE COURT: Thank you.
>
> BY THE COURT:
>
> Q. Mr. Sampson, do you agree that the Government accurately summarized the facts?
>
> A. Yes.
>
> Q. Do you agree that you committed the acts that are contained in those facts, sir?
>
> A. Yes.
>
> Q. Do you then agree and admit that you are guilty of this crime?
>
> A. Yes.

…

  Q. All right. Now one of the stipulations in [the plea agreement] is that you qualify as an armed career criminal under 18 United States Code, Section 924(e) and sentencing guidelines 4B1.4. Do you understand that?

  A. Yes.

…

  Q. Now, as I see this, the facts that were just presented to me contain the information that you have three prior qualifying convictions, felony convictions over one year, and they were just read -- not enumerated for me, but read into this record by [the Government], correct?

  A. Yes.

  Q. Was he accurate?

  A. Yes.

  Q. So you're not contesting any of those prior convictions?

  A. No.

(Doc. 14-4, pp. 31-33).

  In *Maez*, the court found that a defendant's stipulation to a prior felony conviction, combined with the evidence of his evasive behavior and false statements at the time of his arrest, were sufficient to permit the jury to infer he knew of his felon status, had they been instructed to do so. Further, the fact that the defendant's PSR showed he had multiple prior felony convictions, including one for unlawful possession of a weapon by a felon, and had served more than one year in prison, underscored that he knew he was a felon when he possessed the firearms. *Maez*, 960 F.3d at 968.

  Here, as in *Maez*, Petitioner's admissions made during his plea colloquy, coupled with his prior felony convictions and the multiple terms of imprisonment he served,

7

support an inference that he knew he was a convicted felon at the time he possessed the firearm. *See Pulliam*, 973 F.3d 775, at *3-4; *Maez*, 960 F.3d at 967–68 (considering PSR record of prior incarceration, stipulation of felony conviction, and evidence supporting inference of defendant's knowledge of felon status to conclude plain error of omitted *Rehaif* instruction did not warrant reversal of conviction); *see Williams*, 946 F.3d 968 (Finding that defendant "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year" when he spent twelve years of his life in prison).[3]

Petitioner does not otherwise contest the substantive facts of his arrest and conviction and has not presented any evidence to show that he is actually innocent. Further, given his prior convictions and multiple terms of incarceration in excess of one year, the Court is satisfied that Petitioner knew he was a convicted felon when he possessed the gun in the instant case. He therefore cannot demonstrate that the omission of the *Rehaif* knowledge element from his indictment or plea proceedings resulted in his being convicted of a nonexistence offense, or of a crime of which he was innocent. There was no miscarriage of justice in this case, and Petitioner is not entitled to habeas relief under Section 2241 based on the *Rehaif* decision.

---

[3] *See also United States v. Sanabria-Robreno*, 819 F. App'x 80 (3d Cir. 2020), *cert. denied*, 210 L. Ed. 2d 940 (June 21, 2021) (not precedential) (challenge to guilty plea fails on plain error review, as the defendant when pleading guilty to earlier felony offenses "signed a form acknowledging that the maximum penalties for the crimes were between seven and fifteen years of imprisonment," "was sentenced to a term of imprisonment of five to twenty-three months for these offenses, and he served more than one year of this time in prison. This indisputable evidence demonstrates that the Government could easily prove SanabriaRobreno knew at the time that he possessed the firearm that he had previously been convicted of a crime punishable by more than one year of imprisonment.)

### Disposition

For the above-stated reasons, Petitioner Kareem Sampson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. All other pending motions are **DENIED, as moot**.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000); *see also* 28 U.S.C. § 2253.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: October 19, 2022

_____
DAVID W. DUGAN
United States District Judge